JOE BAILEY HARGROVE v. TRINITY UNIVERSAL INSURANCE COMPANY.

No. A-3798. Decided March 4, 1953.
Rehearing overruled April 8, 1953.
(256 S. W. 2d Series 73)

*Ratliff, Conner & Walker* and *L. D. Ratliff,* all of Spur, for petitioner.

The Court of Civil Appeals erred in holding that no judgment could be rendered by the trial court predicated upon the jury's findings establishing a specific injury to petitioner's leg in the absence of a motion, notice and hearing to disregard the findings of the jury establishing a general injury to petitioner's body as a whole. Superior Ins. Co. v. Owens, 218 S. W. 2d 517; Texas Emp. Ins. Co. v. Stephenson, 178 S. W. 2d 883; Federal Underwriters Exchange v. Simpson, 137 S. W. 2d 132.

*Charles C. Crenshaw, Jr.,* of Lubbock, Texas, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Based upon pleadings adequate in all respects to present both theories of recovery alternatively, a jury found that petitioner, proceeding under the Workmen's Compensation Act, had sustained general injuries resulting in temporary total incapacity for a period of 44 weeks and permanent partial incapacity of 50%, and that he had sustained specific injuries to both of his legs through permanent partial loss, to the extent of 50% thereof, of the use of his legs at or above the knees. No doubt to the surprise of all parties concerned the findings with respect to the specific injuries operated to afford a greater monetary return than did the findings with respect to the general injuries. The trial court entered judgment for petitioner for the greater amount. Holding that the jury findings of general injury were based upon findings that the injuries to the legs extended to and affected other parts of the body and that the findings of specific injuries were therefore but component parts of the issue on general injury, the Court of Civil Appeals treated the specific injuries as being merged in the general injury and reversed the judgment of the trial court and remanded the cause to that court for further proceedings after verdict, just as though no judgment had been rendered. 256 S. W. 2d 966.

We do not agree with the conclusions of the Court of Civil Appeals.

■ As has been observed, the petitioner's pleadings were adequate to present two theories of recovery alternatively; a recovery for general injury under Sections 10 and 11 of Article 8306, Vernon's Annotated Civil Statutes, or a recovery for specific injuries under Section 12, Article 8306, Vernon's Annotated Civil Statutes. Rule 48, Texas Rules of Civil Procedure, permits such alternative pleading.

The special issues submitting the two theories of recovery to the jury and the answers of the jury thereto have been carefully examined and analyzed. We cannot agree that the findings on general injury are based upon other findings that the specific injuries to the legs extended to and affected other parts of the body. No such issue was submitted. It is true the jury found in answer to Special Issue No. 4 that the injury sustained by petitioner affected parts of his body other than his legs, but in the light of the pleadings and the evidence this was not the equivalent of a finding that the injuries to the legs extended to and affected other parts of his body. There was pleading that in his fall the petitioner injured his knees and his head with the consequence that "the muscles, ligaments, tissues, nerves and bones, including teeth, of the plaintiff's chin, mouth and head, and knees and legs, were broken, torn, twisted, lacerated, bruised and destroyed," and that as a result the petitioner "is now suffering with stiffness in both his knee joints, and he suffers with severe pain in and about his sinuses in his cheek bones"; that he had lost several of his teeth, was less able to masticate his food, "suffers with extreme nervousness and restlessness at all times, is unable to sleep at night, and has declined in general health, strength and well-being." All of this, it was alleged, had rendered the petitioner permanently and totally incapacitated to labor. Neither the existence nor the sufficiency of evidence to support the foregoing allegations was challenged by the respondent. It thus appears that we may accept the jury's findings that petitioner's injury affected parts of the body other than his legs without being driven to the further conclusion that the findings of a general injury was necessarily based upon an extension to other parts of the body of the injuries to the legs. The jury could have concluded that petitioner's temporary total incapacity and permanent partial incapacity was the result of the cumulative effect of all of the injuries described in the petition on which there was evidence.

■ Upon return of the jury's verdict sustaining both of petitioner's alternative theories of recovery the trial court was confronted with the problem of entering a proper judgment. Rule 301, Texas Rules of Civil Procedure, provides: "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, *and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity * * *.*" The findings of both general and specific injuries were not in conflict. The injuries were coexistent and under petitioner's pleadings gave rise to alternative rights of recovery. Petitioner's specific injuries to his legs were rendered none the less injuries and none the less specific by the fact that he also suffered general injuries. As specific injuries they authorized a recovery under Section 12, Article 8306. The statutory compensation for such injuries was relief to which petitioner was entitled under the pleadings, the evidence and the jury findings, and the trial court did not err in entering judgment therefor. This result is in keeping with both the spirit and judicial interpretation of the Workman's Compensation Act. Since the workman coming under the terms of the Act is denied his common law rights it is held that the Act should be liberally construed in his favor. Texas Employers Ins. Assn. v. Andrews, 130 Texas 502, 110 S.W. 2d 49; Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Texas 23, 169 S.W. 2d 969; American Mut. Liability Ins. Co. v. Parker, 144 Texas 453, 191 S.W. 2d 844. A liberal interpretation will award him the greatest benefits the nature of his injuries will sustain.

■ Under the provisions of Rule 301, T.R.C.P., neither a motion for judgment non obstante veredicto nor a motion to disregard the general injury findings was a prerequisite to the entry of judgment based on the specific injury findings. A motion by petitioner for judgment on these latter findings would have been in order, but we may accept the vigor with which he has sought to sustain the trial court's judgment as evidence that he is not unwilling to have the judgment provide for recovery of the amount allowed by law for his specific rather than his general injuries.

We find it unnecessary to decide what the result would be if the jury findings established a general injury which could only have resulted from an extension to other parts of the body of a specific injury.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered March 4, 1953.

Rehearing overruled April 8, 1953.