Solomon A. MURO, Appellant,

v.

HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Appellee.

No. 13259.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1958.

Rehearing Denied March 5, 1958.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellee.

POPE, Justice.

This is a Workman's Compensation case and Solomon Muro, the injured employee, has appealed from a judgment upon the verdict. Employee's judgment against Houston Fire and Casualty Insurance Company, insurer, was for the sum of $3,125. The appeal concerns the manner of computing compensation when there is a fact finding of one injury which is specific under Section 12, Article 8306, Vernon's Ann. Civ.Stats., and a fact finding of another separate injury which is general under Section 11, Article 8306. Employee also seeks a reversal on the grounds that there is no evidence to support the wage rate found by the jury; and because the court excluded evidence explaining that the employee continued to work under the whip of necessity.

Employee, while working for Mosel-Terrell Plumbing Company, sustained two concurrent but distinct injuries. He sustained a general injury to his back; and also sustained a different injury to his left foot. The jury found that the general injury resulted in thirty percent incapacity for 150 weeks, and that the specific injury resulted in a permanent loss of the use of employee's left foot. Section 12, Art. 8306, provides that such a loss of use is equivalent to the loss of that member. For that specific injury, employee was entitled to compensation for 125 weeks. The trial court rendered judgment for the employee for the specific injury for 125 weeks at the maximum rate of $25 per week, but denied compensation for the general injury. Employee by this appeal makes the point that he was entitled to an additional 25 weeks of compensation, since the general injury ran for 150 weeks, while the specific injury ran for only 125 weeks.

Since the employee sued upon two different injuries, and since the wage rate is pertinent to the ultimate judgment, we shall

Putman, Putman, Strong, Reid, Murray & Taylor, San Antonio, for appellant.

first discuss employee's point concerning the wage rate. Employee urges that the cause should be reversed because the jury found that he had worked substantially the whole of the year immediately before the injury, and there is no evidence to support that finding. Since the jury failed to answer the other wage rate issues, employee says there is no basis for fixing the wage rate. After the verdict was returned, defendant then admitted that employee was entitled to receive the maximum compensation rate of $25 either for the general injury or the specific injury, but moved the court to grant only one or the other recovery. The court in its judgment restricted employee to the bounds of his pleadings, wherein the employee pleaded that he earned $75 each week. Taking the limits of the pleading, and the admission of the defendant, the court then proceeded to compute the damages for each of the injuries. 30% X 60% X $75 X 150 weeks amounted to $3,025 for the general injury. 60% X $75 amounted to $45, and since the maximum permitted is $25, that sum multiplied by 125 amounts to $3,125 for the specific injury. The trial court gave judgment for the specific injury which was the larger sum.

■ Employee does not complain that the court erred in limiting the admission to the maximum wage rate which he had pleaded. That point is not in the case. Employee complains that he was entitled to a jury verdict, even though the court computed the compensation upon the maximum amount employee pleaded. An employee who receives under the judgment the maximum amount which he has sought under his pleadings is not harmed.

Employee also urges that he should have had judgment for the specific injury for the 125 weeks, with an additional judgment tacked to the end of the specific injury for the additional 25 weeks of the general injury. This would be an additionl 30% X 60% X $75 X 25 weeks, or $337.50. We have found no precedent precisely in point. This is not the case of a specific injury which also is a general injury. It is not the case of two concurrent specific injuries, which situation is expressly covered by the third paragraph from the end of Sec. 12, Article 8306. We have here two concurrent injuries, one a general injury and the other a specific injury. May an employee recover for a total permanent specific injury, and also for a general injury to the extent that the general injury extends longer than the total permanent specific injury?

■ The Commission of Appeals in Texas Employers' Ins. Ass'n v. Moreno, 277 S.W. 84, 88, discusses the legislative history and purpose of Sections 10, 11 and 12, Article 8306. Sections 10 and 11 relate to general injuries, and Section 12 relates to specific injuries. The Court then discusses the three troublesome paragraphs at the end of the schedule in Section 12. The first of these three paragraphs, no doubt, includes such situations as this one, where there is a general injury and a separate but concurrent specific injury. The paragraph states that the employee "shall receive compensation only for the injury which produces the longest period of incapacity * * *." The Moreno case discusses this paragraph and by dicta says: "Under this clause, if a person lost an arm in an accident, and was at the same time otherwise injured, but in a manner not scheduled in section 12, he could forego his compensation under section 12 for the loss of his arm and claim under other sections. * * The law very wisely permits him to take under the clause which gives him the most compensation. Section 12 merely provided that a man could not recover for specific injuries therein enumerated and also under other sections of the law."

The Moreno case then discusses the second paragraph at the end of Section 12, which paragraph speaks of the "permanent partial incapacity." The Court states that the second paragraph applies to cases of permanent total loss of use of the member.

The Court then says that the second paragraph states that the scheduled compensation shall be "in lieu of all other compensation in such cases." The Court, after carefully analyzing the statute, concludes, as we understand it, that up to the last paragraph of Section 12, the statute speaks only of the permanent and total loss or loss of use of specific members, and that in each instance the recovery for those members is "in lieu of." This wording, the Court says, is a marked departure from the earlier statute it replaced, which included the words "in addition to."

The Moreno case finally discusses the last paragraph of Article 12, and notes that it omits the words "in lieu of." It says that, for the first time, this third and last paragraph treats of specific injuries which are not permanent and total, and that the statute states a rule which is entirely different from all that has been stated in the statute previously. It states that the last paragraph permits the tacking of compensation for a partial specific injury to the compensation for a general injury. In substantial accord with this analysis is Texas Indemnity Ins. Co. v. Fry, Tex.Civ. App., 41 S.W.2d 679, which permitted recovery of compensation for a general injury and also a partial specific injury. The conclusion from this analysis of the statute, therefore, is that compensation for a permanent and total specific injury may not be added to compensation for a general injury, since it is "in lieu of" the other compensation. However, compensation for a partial specific injury may be added to compensation for a general injury under the statute.

While the language of the Moreno case is dicta concerning the first and second paragraphs at the end of Section 12, it, nevertheless, is a close analysis of the legislative history and language of Section 12, and it was dicta that was necessary to arrive at the decision. We hesitate to depart from it, especially in view of the intended legislative changes discussed in that opinion. The changes evidence a purpose to

achieve the things discussed by the Commission of Appeals. "In lieu of" does not mean "under both of," nor "in addition to."

We conclude that an employee who seeks recovery under a general injury and also for a concurrent specific injury which is total and permanent loss of use, may only take under the section which gives him the most compensation. Texas Employers' Ins. Ass'n v. Moreno, supra. In this instance, the Court gave employee a judgment for that injury which gave him the most compensation. More recently the Supreme Court has stated: "The employee cannot be compensated for both the specific injury and the general injury." Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, 654; accord, Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73.

■ Employee also seeks a reversal on the grounds that the court excluded evidence by way of explanation of his employment after he sustained his injury. He argues that he worked only by reason of economic urgency which compelled his employment, though he was not physically able and still not well. Defendant seeks to escape this explanation by relying upon its admission of hardship. Defendant, before trial, admitted that weekly installments of compensation would work a manifest hardship and injustice upon employee and agreed that he should have a lump sum payment. Defendant moved and the court instructed employee not to produce evidence, directly nor indirectly, of hardship, poverty or necessitous circumstances. The court so instructed the employee, and he excepted to that order.

That stipulation was made to avoid the issue of hardship with reference to lump sum or accelerated payments. At the trial, defendant on cross-examination produced extensive evidence of employee's employment, taking that employment week by week, and employer by employer. Defendant showed the strenuous nature of the work employee performed. Employee

sought to explain those facts by proof that he was compelled to work by reason of economic necessity to support his family. At that point defendant objected and the court excluded employee's explanation. Employee does not deny that the hardship admission was proper for the purpose for which it was made; that it operated to avoid the submission of issues on hardship for the purpose of a lump sum payment, and that it avoided the reading of those parts of the petition which related to hardship and lump sum payments.

Defendant, in proving the nature and extent of employee's employment after the injury, was proving to the jury that the extent and duration of the injuries were not as the employee claimed. The proof related to issues different from the lump sum and accelerated payment. Employee offered to explain that he worked to support his family at a time when he was not physically able to do so, when he was hurting and in pain, and because he needed the money, and that situation existed on each of the jobs that he held. The essence of employee's explanation is that he was forced to work even though he was disabled. When the court excluded that evidence, employee excepted to the exclusion, and again renewed his objection to the order of the court following the original admission of hardship.

Defendant, by admitting hardship which would permit a lump sum payment in the event it lost the case, then used the admission of hardship as a means to defeat the case itself. The admission was for the purpose of avoiding one issue, but it was used to permit the defendant to deny the extent and duration of the injury without an opportunity by employee for explanation. In our opinion, this was error. The extent and kind of evidence produced by the defendant to prove employment, when unexplained to the jury, in our opinion, resulted in prejudice. Smith v. Consolidated Casualty Ins. Co., Tex.Civ.App., 290 S.W. 2d 589; Zurich General Accident & Liability Ins. Co. Ltd. v. Johnson, Tex.Civ. App., 202 S.W.2d 258, affirmed 146 Tex. 232, 205 S.W.2d 353; Texas Employers' Ins. Ass'n v. Pillow, Tex.Civ.App., 268 S. W.2d 716; Mabry v. Travellers Ins. Co., 5 Cir., 1952, 193 F.2d 497.

The judgment is reversed and the cause remanded.

W. O. MURRAY, C. J., being disqualified, did not participate herein.