**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Juan G. TIJERINA, Appellee.**

No. 13879.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 31, 1962.

Rehearing Denied Feb. 28, 1962.

Groce & Hebdon, Charles L. Smith, San Antonio, for appellant.

O'Conor & Freed, Laredo, for appellee.

POPE, Justice.

Texas Employers' Insurance Association asserts that the trial court erred in granting judgment for Juan G. Tijerina for total and permanent incapacity. It urges that the jury finding that Tijerina was an employee instead of an independent contractor, has no support in the evidence and is against the great weight of the evidence. We overrule those contentions. It also urges that there was prejudicial error in permitting Tijerina to read pleadings about attorney's fees, and to prove hardship, when those matters were admitted. We sustain that point.

█ The Association's claim that Tijerina was an independent contractor was fully denied. The Association claimed that Tijerina had a masonry sub-contract on what is called the Nye job in Laredo. Tijerina consistently and repeatedly denied that an oral agreement had been made, and certainly he had not executed a written agreement. He stated that no agreement on the final consideration was ever reached. Moreover, he testified that he was at home on a rainy day when he could not perform masonry work and prior to the time that work was to begin. He was called to the job by the contractor's foreman and arrived about 9:30 in the morning. Only two other men were working at the job and both were employees of the contractor. Tijerina had no tools, but was provided with a sawhorse, a rule, square, and a measured stick. One employee located reference points and directed Tijerina, standing on the sawhorse, to make marks on the steel posts of the building under construction. He fell on a pipe and suffered serious injuries. The Association claimed that Tijerina was locating his masonry courses in line with a completed sub-contract. Tijerina denied this and said that he was doing a thing he, as a mason, had never done before. The evidence supports the idea that he was helping the contractor's two employees locate reference points for anchors to the steel posts. The evidence is that masons do not begin their work until the welders fix these anchors, which had not yet been done. In other words, Tijerina was not executing the work of a mason but was helping the contractor do something else. We have read the entire statement of facts and, without detailing all the evidence, it shows that Tijerina fully raised and amply proved that he was an employee.

We must, however, reverse the case by reason of harmful matters which were presented to the jury. At the beginning of the trial, the Association stated in open court that Tijerina would be entitled to a lump sum judgment if the verdict permitted such a recovery. Upon this unqualified admission, the Association moved that Tijerina not read those parts of the pleadings which alleged hardship and also those which alleged attorney's fees. The court overruled the motion, and Tijerina's counsel then read those portions of the pleadings and called Tijerina's wife as the first witness. She testified that she and plaintiff have eight children who live at home, that three weeks before the lawsuit they lost one child in an accident, that they pay rent, owe about $2,-000.00 for hospital and medical bills, and could not live on $35.00 a week since the attorney will receive a part of that. Though the Association admitted that hardship existed and the facts about attorney's fees, those matters were presented to the jury.

Tijerina reasons that the case of Muro v. Houston Fire and Casualty Insurance Co., Tex.Civ.App., 310 S.W.2d 420, authorizes such a procedure. It does not. Evidence is admissible on disputed issues. If hardship is denied, there is an issue. If hardship is admitted, but the insurer later proves that the employee is able to work and has worked, then hardship is yet an issue to prove that the work was done under the whip of necessity. It was in this latter instance that evidence of hardship was admissible in the Muro case, because, though agreed upon for one issue, it later became material by way of rebuttal to explain why the injured employee had worked. In introducing this evidence in this case, however, it was neither to prove hardship, which was admitted, nor to rebut the claim that the employee was able to work. It was produced not in proof of any disputed issue, and was error.

The pleadings and proof of attorney's fees should not have been presented to the jury. This alone requires a reversal, for the reasons which have been fully explained in Texas Employers' Ins. Ass'n v. Hatton, 152 Tex. 199, 255 S.W.2d 848. Accord, Texas Employers' Ins. Ass'n v. Lee, 152 Tex. 227, 256 S.W.2d 569.

The judgment is reversed and the cause remanded.