**L. J. BESEDA, Appellant,**

**v.**

**TRANSAMERICA INSURANCE COMPANY, Appellee.**

**No. 282.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 20, 1967.

Rehearing Denied May 11, 1967.

———◆———

Francis I. Gandy, Jr., of Butler, Schraub & Gandy, Corpus Christi, for appellant.

James C. Watson, of Keys, Russell, Watson & Seaman, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This is a Workmen's Compensation Case, wherein appellant sought to recover for total and permanent incapacity allegedly resulting from a back injury sustained while engaged in the scope of his employment as a carpenter. From a take-nothing judgment based on a jury verdict, plaintiff appeals.

The evidence raises sharp fact issues as to whether appellant suffered disabling injury to his back as alleged and testified to by him. Appellant's medical witness Dr. Sharp, who treated appellant over a period of several months prior to the trial, expressed the opinion that appellant had a disabling protruding intervertebral disk caused by the injury of September 27, 1963, complained of. Appellee's medical witnesses Dr. Barnes and Dr. Isensee each testified that in their opinion appellant did not have a ruptured or protruded disk, and that his complaints of low back pain were due to degenerative changes and aging processes, (he was 59 years old at the time of the trial in February, 1966) and that he was physically able to do the work of a carpenter. Dr. Barnes stated that any disability which appellant may have sustained as a result of the September 23, 1963 incident would last not over a few months.

In answer to special issues, the jury found that appellant sustained an accidental personal injury to his body on or about September 27, 1963, while in the course of his employment; that he sustained total incapacity after September 27, 1963, but the answer was "No" to Special Issue No. 5 inquiring whether they found from a preponderance of the evidence that the accidental injury, if any, of September 27, 1963, was a producing cause of such total incapacity, if any. The jury likewise found that appellant sustained partial incapacity after September 27, 1963, but again, in answer to an issue whether from a preponderance of the evidence they found that the accidental injury, if any, of September 23, 1963 was the proximate cause of such partial incapacity, if any, the jury said "No." Special Issue No. 14 was as follows:

"Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, was not caused solely by arthritis or by one or more of the injuries sustained by plaintiff on or about January 8, 1940, or the automobile accident of June, 1964, or by a combination of arthritis and one or more of said injuries, and not having been aggravated by the injury, if any, sustained by plaintiff on or about September 27, 1963?"

To this, the answer was "It was solely caused."

By his fifth and sixth points, appellant seeks a reversal on the grounds that the court excluded evidence by way of explanation of his continuing to work for a period of between three and four weeks after his alleged injury of September 27, 1963.

Appellant testified that he was injured while working as a carpenter on a scaffold. A heavy board slipped over the side of the scaffold while he had hold of one end, and in order to prevent it from falling on a co-worker below, he held on to it. In doing

so, he felt his back pop, and felt pain in his lower back. It being about 4:15 P.M., just before quitting time on a Friday, he quit work and went home for the weekend. Although his back was troubling him, he came back to work the next Monday, and, after reporting the incident to his foreman, continued on the job for each working day of the next three weeks, receiving treatments from a doctor for his back during his lunch hour of the third week. The doctor placed him in a hospital from October 23 to October 29, 1963, where he was placed in traction and received heat treatments. After being released from the hospital he went back to the job for four days, doing lighter work, after which he was laid off. He would have continued on the job if permitted to do so. He has not worked since.

Appellant argues that he worked after his injury only by reason of economic urgency. Appellee seeks to avoid this explanation by relying upon an admission of hardship. Appellee during the trial stipulated all matters pertaining to appellant's right to recover in a lump sum any compensation benefits to which he might have been entitled, and says that since appellant did not work regularly after his claim of injury, the period that he did work thereafter from September 27, 1963, to November 7, 1963 was too brief to have any probative value that appellant worked only because of the whiplash of economic necessity.

Appellee cross-examined appellant before the jury at considerable length concerning the fact that he returned to work the Monday following his injury, taking the employment week by week, and day by day, showing the strenuous nature of the work he performed. The purpose of this, as stated by appellee in its brief filed in this Court, (p. 16) was "to show that in fact appellant did not sustain any injury of the job for which compensation benefits were payable in this suit." Appellant thereafter offered evidence that, though he was hurting at the time, he went back to work because he had bills to pay, monthly install-

ments to meet, taxes past due, children in school, car payments to make, and that the insurance company stopped his compensation payments after two weeks, and that he had to make a living. The trial court sustained an objection to this offered evidence, and we quote his ruling as follows:

"THE COURT: All right. You asked for a stipulation in the beginning if he recovered, you would receive a lump sum, which puts this out the window. He did testify previously about how he did hurt while he was working, which he had a right to do, that's as far as I could let you go in showing that, he has already shown it, and you don't have to go back into it.

MR. GANDY: I ask the Court to reconsider. Will you allow this evidence to be introduced?

THE COURT: No, because it is just for prejudice and sympathy at this time. You asked for a stipulation and you received it from opposing Counsel at the time. Do you have any questions of this witness?

MR. WATSON: No, sir.

THE COURT: All right, that's all, you may step down."

■ The trial court erred in denying to appellant the right to explain to the jury his reasons for returning to work after he sustained his injury. Muro v. Houston Fire and Casualty Insurance Co., Tex.Civ.App., 310 S.W.2d 420, writ ref. n. r. e.; same styled cause after retrial, Tex.Civ.App., 329 S.W.2d 326 writ ref. n. r. e.; Texas Employers Insurance Association v. Tijerina, Tex.Civ.App., 354 S.W.2d 194, writ ref. n. r. e.; Coal Operators' Casualty Company v. Holloway, Tex.Civ. App., 398 S.W.2d 421, writ ref. n. r. e.; Argonaut Insurance Company v. Shawver, Tex.Civ.App., 375 S.W.2d 510, writ ref. n. r. e.; Transport Insurance Company v. Nunn, Tex.Civ.App., 375 S.W.2d 484, writ ref. n. r. e. We are of the opinion that

such error is sufficiently prejudicial to the rights of appellant to require a reversal of the judgment.

We feel that the following language quoted from the opinion of Judge Pope, then of the 4th Court of Civil Appeals, in Muro v. Houston Fire and Casualty Insurance Company, 310 S.W.2d at page 424, is very appropriate to the present case:

"Defendant, in proving the nature and extent of employee's employment after the injury, was proving to the jury that the extent and duration of the injuries were not as the employee claimed. The proof related to issues different from the lump sum and accelerated payment. Employee offered to explain that he worked to support his family at a time when he was not physically able to do so, when he was hurting and in pain, and because he needed the money, and that situation existed on each of the jobs that he held. The essence of employee's explanation is that he was forced to work even though he was disabled. When the court excluded that evidence, employee excepted to the exclusion, and again renewed his objection to the order of the court following the original admission of hardship.

"Defendant, by admitting hardship which would permit a lump sum payment in the event it lost the case, then used the admission of hardship as a means to defeat the case itself. The admission was for the purpose of avoiding one issue, but it was used to permit the defendant to deny the extent and duration of the injury without an opportunity by employee for explanation. In our opinion, this was error. The extent and kind of evidence produced by the defendant to prove employment, when unexplained to the jury, in our opinion, resulted in prejudice. * * *"

Appellant's fifth and sixth points are sustained.

Appellant's fourth point of error complains of the action of the trial court in permitting appellee to read in evidence allegations of appellant's petition in an earlier suit on a different cause of action wherein appellant claimed total and permanent incapacity from injuries to the lumbar area of his back. The rule is well established that pleadings in other actions which contain statements of facts inconsistent with the party's present position are receivable in evidence as admissions. St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744, 747; Hartford Accident & Indemnity Co. v. McCardell, Tex.Sup.Ct., 369 S.W.2d 331. However, the mere fact that plaintiff filed the suit, the amount of money sued for and the claim in the petition that the incapacity of plaintiff is total and permanent (held to be a mere prediction, not a fact allegation) are not admissible for impeachment, and are irrelevant to any other issue of the case, where properly objected to. St. Paul Fire & Marine Insurance Co. v. Murphree, supra; Hartford Accident & Indemnity Co. v. McCardell, supra; Aetna Casualty & Surety Company v. Depoister, Tex.Civ. App., 393 S.W.2d 822, 831, writ ref. n. r. e. Appellant's only objection to the introduction before the jury of the portion of the petition was that (1) the proper predicate had not been laid, (2) it was immaterial as to the disabilities plaintiff sustained in the accident, and (3) no causal connection or anything like that. No request was made that the allegation of total and permanent disability be eliminated. The court did not err in overruling the objections made. Haywood v. Texas Employers Insurance Association, Tex.Civ.App., 383 S.W.2d 866, 869(3).

The matters raised by appellant's first, second and third points concerning alleged jury misconduct will probably not occur on a second trial of this cause, and need not be considered.

Reversed and remanded.