**HIGHLANDS UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**Charles E. HARRIS, Appellee.**

**No. 883.**

Court of Civil Appeals of Texas, Tyler.

Nov. 20, 1975.

Rehearing Denied Dec. 11, 1975.

Kenzy D. Hallmark, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellant.

John H. Seale, Jasper, for appellee.

McKAY, Justice.

This is a workmen's compensation case in which the jury found that appellee suffered total and permanent loss of use of his right leg below the knee, and the jury also found that appellee suffered a general bodily injury, other than the leg injury, which resulted in permanent partial incapacity. The trial court rendered judgment for appellee for both injuries and appellant brings this appeal.

The jury found that appellee's loss of use of his right leg below the knee began May

30, 1974; and his recovery in the judgment was for 125 weeks at $63.00 per week. It was found that appellee's general injury began on March 27, 1974, and the judgment allowed recovery for 300 weeks at the rate of $33.33 per week. The total of the judgment was for $12,250.53, payable in a lump sum.

Appellant's three points all pertain to whether the trial court's judgment was contrary to Art. 8306, sec. 12, V.A.C.S. by allowing recovery for both permanent loss of use of a specific member and for permanent partial general incapacity.

Art. 8306, section 12, Specific Compensation, provides in part:

"For the injuries enumerated in the following schedule the employee shall receive *in lieu of* all other compensation except medical aid * * *

$$* \quad * \quad * \quad * \quad * \quad *$$

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, *he shall receive compensation only for the injury which produces the longest period of incapacity*; but this Section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.

"In all cases of permanent partial incapacity it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; *but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases.*" (Emphasis added.)

Section 10 of Art. 8306 pertains to total incapacity, and Section 11 is concerned with partial incapacity.

Appellee alleged that he suffered a general injury when a tree fell on his left shoulder and knocked him to the ground which caused total and permanent incapacity. In the alternative, appellee alleged that if his injury was not total and permanent, that he should receive whatever disabilities as the proof may show, or for any loss of use of a specific member. Pleading further in the alternative, appellee alleged that if the proof shows that his injury was confined to a specific member or members of his body, that he recover for whatever loss of use of such member or members as a preponderance of the evidence may show. There was no allegation that any specific injury extended to or affected the body generally.

The trial court submitted issues [1] on specific and general injuries. As to the specif-

---

1. "Special Issue No. 1. Do you find from a preponderance of the evidence that Charles E. Harris' injury on May 30, 1974, included an injury to his right leg below the knee?
"Answer: 'We do' or 'We do not'
"Answer: We do
"If you have answered Special Issue No. 1 'We do,' then answer:
"Special Issue No. 2. Do you find from a preponderance of the evidence that Charles E. Harris sustained any loss of use of his right leg below the knee as a natural result of such injury?
"Answer 'We do' or 'We do not'
"Answer: We do
"If you have answered Special Issue No. 2 'We do', and only in that event, then answer:
"Special Issue No. 3. Do you find from a preponderance of the evidence that such

loss of use is total and permanent or less than total and permanent?
"Answer 'Total and Permanent' or 'Less'.
"Answer: Total and Permanent

$$* \quad * \quad * \quad * \quad * \quad *$$

"Special Issue No. 6. Do you find from a preponderance of the evidence that Charles E. Harris' injury of May 30, 1974, included an injury to his body generally other than his right leg below the knee?
"Answer 'We do' or 'We do not'
"Answer: We do
"If you have answered Special Issue No. 6 'We do', then answer:
"Special Issue No. 7. Do you find from a preponderance of the evidence that Charles E. Harris sustained any incapacity as a natural result of the injury to his body generally other than his right leg below the knee?
"Answer 'We do' or 'We do not'.

ic injury to appellee's right leg below the knee, the jury found he suffered total and permanent loss of use of his right leg below the knee. The jury also found that appellee's injury included an injury to his body generally other than his right leg below the knee and that his average weekly wage earning capacity was $50.00 per week after the injury whereas his average weekly wage before the injury was $100.00.

The court instructed the jury "that in determining Special Issues 6 through 10 as to whether Charles E. Harris has sustained any incapacity, partial or total, as those terms have been herein defined, you are not to take into consideration the effects of the condition of Mr. Harris' right ankle or base any findings on such condition."

Appellant argues that appellee cannot receive compensation for both a specific injury and a general injury, but must choose to take his recovery under the section which produces the longest period of incapacity or which gives him the greatest compensation. Appellant cites and relies upon *Texas General Indemnity Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651, 654 (1953); *Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73 (1953); and *Muro v. Houston Fire & Casualty Ins. Co.*, 310 S.W.2d 420 (Tex.Civ. App.—San Antonio, 1958, writ ref'd, n. r. e.).

*Scott* holds (253 S.W.2d p. 654) that an employee cannot be compensated for both a specific injury and a general injury, while *Hargrove* holds that findings of both specific and general injuries were not in conflict,

but such findings gave rise to alternative rights of recovery, and the workman should be awarded such recovery which produces the greatest benefits or the longest period of incapacity or the most compensation.

Both appellant and appellee rely upon *Texas Employers' Ins. Ass'n v. Moreno*, 277 S.W. 84 (Tex.Comm'n App., 1925, judgment adopted). *Moreno* was carefully analyzed in *Muro v. Houston Fire & Casualty Ins. Co.*, supra, a case with a fact situation almost identical with the instant one, and Justice Pope, speaking for the court and citing *Hargrove* and *Scott,* held that "an employee who seeks recovery under a general injury and also for a concurrent specific injury which is total and permanent loss of use, may only take under the section which gives him the most compensation."

Appellee maintains *Moreno* stands for the proposition that a claimant may recover for both a general injury under Sections 10 or 11, Art. 8306, and also a permanent loss of a specific member under Section 12. *Moreno* does hold that a recovery under Section 10 for injuries not specified under Section 12, does not preclude recovery under the last paragraph of Section 12 for partial incapacity due to partial loss of use of the arm. If *Moreno* can be said to hold contrary to *Hargrove, Scott* and *Muro,* or any of them, it seems the later expressions of the Supreme Court would be controlling.

Appellee cites *Texas Employers' Ins. Ass'n v. Yother*, 306 S.W.2d 730 (Tex.Civ. App.—Fort Worth, 1957, writ ref'd, n. r. e.) for its holding that an injury to a specific

"Answer: We do

"If you have answered Special Issue No. 7 'We do,' and only in that event, then answer:

"Special Issue No. 8. Do you find from a preponderance of the evidence that such incapacity is total and permanent or less than total and permanent?

"Answer 'Total and Permanent' or 'Less'. "Answer: Less

\* \* \* \* \* \*

"If you have answered Special Issue No. 9, and if in such answer you have found some partial incapacity, and only in such event, then answer:

"Special Issue No. 10. What do you find from a preponderance of the evidence to be the average weekly wage earning capacity of the plaintiff during the period of such partial incapacity, if any you have found?

"Answer by stating an amount in dollars and cents, if any.

"Answer: $50.00

"Special Issue No. 11. Find from a preponderance of the evidence the amount of plaintiff's average weekly wage as of May 30, 1974, which would be just and fair to both plaintiff and defendant.

"Answer in dollars and cents.

"Answer: $100.00. "

member and also a concurrent general injury entitles a workman to recover for the injury which produces the longest period of disability, "and that where both injuries are permanent he is entitled to recover for the combined effects of both." We do not understand *Yother* to be contra to *Hargrove, Scott* and *Muro.* There was no finding of incapacity due to the injury to the leg below the knee, but there was a finding that the injuries to Yother were not confined to injuries to the leg below the knee. The court reasoned that under such circumstances the jury could consider all of his injuries which were pled and proved in finding a general injury, and that where incapacity stems from a specific injury concurrently with incapacity from a general injury to produce total and permanent disability, the claimant may recover for total and permanent incapacity. *Yother* acknowledges and recognizes the language of Section 12 that when there is both a specific and a general injury the claimant may recover only for the injury producing the longest period of incapacity. But when *Yother* uses the language "that where both injuries are permanent he is entitled to recover for the combined effects of both", it seems clear from reading the entire opinion that the intention of the court was that all injuries, specific and general, may be combined by the jury in finding total and permanent disability.

Appellee also cites and relies on *Texas Employers' Ins. Ass'n v. Polasek,* 451 S.W.2d 260 (Tex.Civ.App.—Houston (1st Dist.), 1970, writ ref'd, n. r. e.). In our opinion, *Polasek* is not contra to *Hargrove, Scott* and *Muro.* There were injuries to an eye and to the head in *Polasek,* and the jury found claimant's injuries were not solely confined to the eye, and the court held that he could "be compensated for the cumulative effect of all [of] the injuries."

Appellee also cites *United States Fidelity and Guaranty Co. v. London,* 379 S.W.2d 299 (Tex.1964) for the proposition that the first clause of Section 12 dealing with concurrent injuries applies only to temporary loss of use of specific members. The five-to-four majority opinion in *London* does not address itself to the specific question in the instant case. In his dissenting opinion in *London,* Judge Smith at p. 312 expresses the opinion that the first clause of the first paragraph following enumeration of benefits for specific injuries in Section 12 applies in cases where a general injury is involved simultaneously with a specific injury. See also *Texas Employers' Ins. Ass'n v. Maledon,* 27 S.W.2d 151 (Tex.Comm'n App., 1930).

*London* has a majority opinion, a concurring opinion, and two separate dissenting opinions on the meaning of the paragraph set out hereinbefore when applied to more than one specific injury.

■ In our opinion Section 12 and the authorities cited stand for the proposition that where there is a specific injury and a concurrent general injury the workman cannot recover compensation for both but may receive compensation only for the injury which produces the longest period of incapacity or the greatest benefits.

■ As pointed out in *Muro* and Section 12, Art. 8306, the claimant who takes under the specific injury provisions of Section 12 takes *in lieu of all* other compensation.

■ The claimant here is entitled to recovery under the section which produces the longest period of incapacity or which gives him the greatest compensation, but he is not entitled to recover for both the general injury and the specific injury. Accordingly, appellant's points are sustained, appellee's cross point is overruled, and that portion of the judgment of the trial court which awarded compensation to appellee for 300 weeks for partial permanent incapacity at $33.33 per week, with proper credits and discounts, is affirmed, and that portion of the judgment which awarded compensation for 125 weeks for the loss of use of his leg below the knee at $63.00 per week is reversed, and the cause is remanded to the trial court to enter judgment in accordance with this opinion.

Affirmed in part and reversed in part and remanded.