**TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,**

v.

**Freddie Lee FISHER, Appellee.**

No. 09 82 128 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 26, 1984.

**590**

Arthur Almquist, Beaumont, for appellant.

Richard Clarkson, Beaumont, for appellee.

## OPINION

McNICHOLAS, Justice.

This is a worker's compensation case. Judgment was rendered on the jury verdict in favor of the claimant for 317 weeks of benefits as a result of findings that the plaintiff had on or about July 19, 1978 sustained an injury to his left and right ear resulting in a total loss of hearing, and that said injury extended to and affected his nervous system, and as extended resulted in total and permanent disability beginning March 18, 1980.

The insurance carrier has appealed.

The fourteen points of error brought forth can be grouped into four basic contentions: (1) the court erred in admitting the testimony of David Granitz, Ph.D., an audiologist, (2) there was no evidence or insufficient evidence to support the findings that plaintiff sustained an injury to his right or left ear, (3) there was no evidence or insufficient evidence to support the findings that the injury to plaintiff's hearing extended to and affected his nervous system, and (4) there was no evidence on the reasonable cost of medical care.

The record reflects that the plaintiff began working for Oil City Brass in July, 1977, working first in the yard for about a month and then moving into the forge shop as a blacksmith's helper. In the forge shop a steam hammer was used to forge castings and when there was trouble with the operation of the hammer "the hammer would make a loud racket ... it was just devastating and unbearable." There was testimony that ear plugs were furnished to the employees by the company, but were not used at all times. As a result of the noise, plaintiff contends he suffered a loss of hearing which extended to his nervous system and resulted in a total and permanent imparity. Plaintiff claims he incurred medical expenses, including travel expenses, in the treatment of this injury.

■ Appellant's first point of error challenges the admission of David Grantiz's testimony. Dr. Granitz was qualified as an "audiologist", with a Ph.D. in education from Louisiana State University. He was a member of several professional organizations and has received several certifications, including a certification of Clinical Competency in Speech Pathology. He is a consultant to a number of industries in this area, including Oil City Brass Works, plaintiff's employer. Dr. Granitz provides pre-employment hearing tests, on site hearing tests, safety lectures and hearing conservation programs to these industries.

Dr. Granitz admitted his profession was non-medical and that he was not qualified to render such opinions. Dr. Granitz based his testimony "upon [the] reasonable professional probability of an audiologist." *Dorland's Pocket Medical Dictionary* (22nd Ed.), defines audiology as "the science of hearing, particularly the study of impaired hearing that cannot be improved by medication or surgical therapy."

Despite appellant's objection that Dr. Granitz was not medically qualified to render expert opinions, the court admitted his testimony. The doctor's testimony was based upon his field of expertise. According to Dr. Granitz's testimony, an audiologist has the ability to determine whether a hearing loss occurred and whether the loss is organic or non-organic. Thus we do not believe that there was an abuse of discretion in admitting this testimony.

"It is for the Trial Court to determine if the proposed witness has had sufficient opportunity for observation and experience in line with the subject under inquiry to entitle him to give his opinion based upon evidence adduced. When the Trial Court, in the exercise of his sound discretion, has determined this matter,

the appellate courts will not disturb that decision in the absence of an abuse of that discretion. *Montgomery Ward & Co. v. Levy*, Tex.Civ.App., 136 S.W.2d 663."

*Bolstad v. Egleson*, 326 S.W.2d 506 (Tex. Civ.App.—Houston 1959, writ ref'd n.r.e.).

■ Appellant in the next six points of error, nos. two through seven, alleges there is no evidence, or alternatively, insufficient evidence, to support answers to special issues nos. 1, 2 and 3, dealing with whether the plaintiff sustained an injury to his left or right ear, whether such injury was sustained in the course of his employment, and whether such injury was a producing cause of any total loss of use of plaintiff's hearing. In his motion for new trial, appellant contends that without competent medical evidence in the record on these issues which are not "within the common knowledge of the jurors", the answers to these issues are without evidentiary support.

During trial, plaintiff testified that he had no hearing problems prior to his employment with Oil City Brass and that he first noticed the problems with his hearing on July 19, 1978. He stated that he had "ringing and buzzing in both of my ears" and that he couldn't hear what people were saying. Further, he "has dizziness just about every day" and "a throbbing and a pain ... in my left ear at all times." Appellant testified that he saw doctors in Beaumont and Galveston for his hearing problems. Testimony from plaintiff's brothers and ex-wife, though biased, further shows that the plaintiff was having unceasing hearing problems. We have carefully examined the entire record and we note that the only evidence offered with respect to the question of hearing loss was that of the plaintiff and the plaintiff's witnesses.

The appellant's "no evidence" and "insufficient evidence" points of error present this court with two standards of review.

"[A] 'no evidence' point requires us to consider only the evidence and inferences therefrom which tend to support the jury's finding. On the other hand, when we confront a challenge that the evidence is 'insufficient' we view all of the evidence to determine whether the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming as to warrant a setting aside of the finding and remanding for a new trial. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *In re King's Estate, King v. King*, 150 Tex. 662, 244 S.W.2d 660 (1951)."

*Hurst Aviation v. Junell*, 642 S.W.2d 856 (Tex.App.—Fort Worth 1982, no writ).

Having reviewed all the evidence under the insufficient evidence points, we overrule appellant's points of error nos. two through seven. We feel that the evidence in this case is legally and factually sufficient to support the jury's answers to special issues nos. 1, 2 and 3; that plaintiff sustained an injury to his left or right ear during the course of his employment and such injury resulted in appellant's total loss of hearing.

Appellant next contends, in points of error eight through thirteen, that there is no evidence or insufficient evidence to support the jury's answers to special issues nos. 12, 15 and 16 that the injury to plaintiff's hearing extended to and affected his nervous system causing total and permanent incapacity.

Medical testimony as to the effect of plaintiff's condition on the nervous system was from Dr. Rudolph Roden, a psychiatrist on the staff of the University of Texas Medical Branch in Galveston. Dr. Roden stated the plaintiff was suffering from a "dysthymic disorder", a depression, caused by the buzzing in the ears and dizziness, and from an anxiety disorder. As a result, the plaintiff was disabled from engaging in gainful employment. Dr. Roden also stated the condition would continue unless there developed a way to eliminate the buzzing and the dizziness and if the condition continued for a prolonged period, it would leave psychological scarring.

**592**

A nervous condition which totally incapacitates an individual is compensable under Texas workmen's compensation law. *Colonial Penn Franklin Insurance Co. v. Mayfield,* 508 S.W.2d 449, (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e). However, there is no precise formula which establishes the quantum of evidence required to prove permanent total disability.

> "The rule seems to be that where it can reasonably be inferred from the evidence that the claimant's injuries are permanent ... a verdict in his favor on the issue of total permanent incapacity will be affirmed."

*Standard Fire Insurance Co. v. Rodriguez,* 645 S.W.2d 534 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Further, the "duration and extent of disability received from an injury is at best an estimate which must be determined by a jury...." *International Insurance Co. v. Torres,* 576 S.W.2d 862 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.). *Trinity Universal Insurance Co. v. Farley,* 408 S.W.2d 776 (Tex.Civ.App.—Tyler 1966, no writ). Finally, any doubt the reviewing court "may have as to whether this evidence actually supports the jury finding of permanent incapacity must be resolved in favor of the right of the injured workman to receive compensation." *Travelers Insurance Co. v. Arnold,* 378 S.W.2d 78, (Tex.Civ.App.—Dallas 1964, no writ).

Having reviewed the entire record, both the evidence favorable and unfavorable to appellant's position, we find the evidence is factually sufficient to support the jury's findings. Therefore we overrule points of error nos. eight through thirteen.

Appellant finally contends that the trial court erred in awarding $2,047 as medical expenses. The testimony showed appellee incurred $318.75 medical expenses and $1,360 travel expenses, as a result of traveling to and from Galveston. Appellant alleges that the award for travel expenses is erroneous and without support in the record.

Upon plaintiff's offer of this evidence, appellant objected on the grounds of hearsay. The objection was overruled and the evidence was admitted. No other objection was made. In fact, there is nothing in the record, save the hearsay objection, which indicated it was ever brought to the attention of the trial court. In appellant's objection to the court's charge and in his Motion for New Trial and To Modify Judgment, there was no mention of appellant's complaint regarding the monies plaintiff claimed for travel expenses. Though it is no longer a prerequisite to an appeal, to allege an objection in a motion for new trial, *TEX.R.CIV.P. 324,* appellant in his brief of the point of error, has failed to cite any authorities in support of his contentions as required by *TEX.R.CIV.P. 418(e).* Therefore, this point of error will not be considered and is overruled.

Appellee, in his crosspoints one through three, alleges the trial court committed error by not entering his proposed final judgments and by awarding him only 317 weeks of compensation. The trial court's award of workman's compensation benefits was based upon the jury's finding of total incapacity due to the injury to the nervous system.

A claimant, who suffers a specific injury and a resulting general injury cannot recover compensation for both. The claimant is entitled to recover under the section which produced the longest period of incapacity or under section which allows the greatest compensation. But he is not allowed to recover for both the general injury and the specific injury. *TEX.REV. CIV.STAT.ANN. art. 8306, sections 10–12* (Vernon Supp.1982–1983). *Highlands Underwriters Insurance Co. v. Harris,* 530 S.W.2d 350 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.).

Under the answers to special issues provided by the jury, the appellee was put to an election between choosing recovery for his specific injury—the loss of hearing—or recovering for a general injury which was a result of the specific injury extending to and affecting the body generally. The trial court accordingly entered

judgment for a general injury beginning on March 18, 1980. The date of the specific injury was July 19, 1978, so any award for the general injury, total and permanent disability, would be for 401 weeks less the number of weeks from July 19, 1978 through March 18, 1980, or for a total of 317 weeks beginning March 18, 1980. *Texas Employers Insurance Association v. Guidry*, 128 Tex. 433, 99 S.W.2d 900 (1937). We overrule appellant's crosspoints.

The way we calculate the benefits is 129 weeks accrued, bearing interest at the rate of 4.000%, and 188 weeks not yet accrued, discounted pursuant to the compensation statute. Accrued compensation accordingly amounts to $12,327.90, future compensation payment, properly discounted, amounts to $15,944.40, totaling $28,272.30, plus $2,047.00 in medical expenses, or a total of $31,019.30 from which 25% attorney's fees was properly awarded.

With this minor arithmatical change in the judgment, the trial court's judgment is in all things

AFFIRMED.

BROOKSHIRE, J., not participating.