Bruno KNAPIK, et ux., Appellants,

v.

EDISON BROS., Inc., Appellee.

No. 3546.

Court of Civil Appeals of Texas.

Waco.

May 1, 1958.

Rehearing Denied May 22, 1958.

Peter P. Cheswick, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Quentin Bates, Houston, for appellee.

McDONALD, Chief Justice.

This is a damage suit against a store owner because of an assault committed by an employee of defendant on the plaintiff while she was shopping in the store. Plaintiff contended that the defendant had notice of the danger to plaintiff but failed to remove such danger resulting in her injury; that defendant was thus liable for damages

sustained. Trial was to a jury, and after plaintiff rested her case the Trial Court instructed a verdict against the plaintiff.

Plaintiff appeals, contending that the Trial Court erroneously instructed the jury to return a verdict for the defendant in view of the testimony in the record.

A statement is necessary. Plaintiff entered defendant's shoe store to buy a pair of shoes. She bought the shoes and was following the salesman to the cashier to pay for the shoes when another one of defendant's salesmen hit her in the back, causing severe injuries. Defendant's salesman who hit plaintiff was scuffling with another of defendant's salesmen, and was striking at the other salesman and hit plaintiff through mistake, error, or inadvertence. Plaintiff testified as follows:

"Q. Right after he hit you, what happened next? A. And the man that hit me got in front of me and said, 'Lady, I am sorry. I didn't mean to hit you' and right at that time the manager come up and says, 'What in the world is going on? What do you all mean?'

"Q. Was that the manager saying that? A. To the boys—to this man.

"Q. To this man that hit you? A. That is right.

"Q. Now, what did the man that hit you say? A. And he says, 'Well, he had been picking on me all day long, and you know it, and then I was going to sock him—and I didn't mean to sock the lady.' "

In the foregoing state of the record the Trial Court instructed a verdict for the defendant.

█ A storekeeper is obligated to exercise ordinary care to keep his premises in a reasonably safe condition for the protection of customers. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, W/E refused; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

Plaintiff contends that a jury issue was made as to whether defendant had notice that one of its employees had been picking on the employee who struck plaintiff, and as to whether defendant should have foreseen that this created a dangerous condition on the premises, and should have taken some action to remove such dangerous condition.

As noted, if such a jury issue be made it must be made from plaintiff's testimony quoting defendant's employee—"And he says, '*Well, he had been picking on me all day long, and you know it, (speaking of the defendant's manager) and then I was going to sock him—and I did'nt mean to sock the lady.*' "

█ The foregoing testimony of plaintiff quoting defendant's employee is hearsay, and must be disregarded, unless it be admissible as res gestae.

Hearsay evidence is no evidence at all. Whether admitted over or without objection, it is incompetent and without probative force, and should be disregarded by the Trial Court and will not support a verdict by a jury nor a finding of fact by a court, nor can it be considered by or form the basis of a finding of fact in an appellate court. 17 Tex.Jur. 521.

█ An exception to the hearsay rule is in the case of res gestae evidence. No rigid rule respecting the admissibility of evidence as a part of the res gestae has been announced. The general rule relating to this question is that res gestae evidence is not the witness speaking but the transaction voicing itself. In determining whether evidence is admissible, each case must be tested by its own facts; and if, upon a fair analysis, a statement after the event does not appear to be a continuation of such event, it cannot be res gestae, even though made near the time of the occur-

rence. Statements must be either a part of the transaction or made under such circumstances as to raise a reasonable presumption that they are spontaneous utterances of facts arising from the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design. If they are not in their nature a part of the occurrence, they do not constitute a part of the res gestae, and are inadmissible. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259.

Statements made must be either a part of the transaction or made under such circumstances as to raise a reasonable presumption that they are spontaneous utterances or facts created by or arising out of the transaction itself. If they are not in their nature a part of the fact, they do not constitute a part of the res gestae, and are inadmissible, though closely related in point of time. If this general rule announced by the authoritative decisions was not adhered to, it would be made the means of introducing indirect testimony in such a way as to make it injurious and prejudicial to litigants. Texas Interurban Ry. Co. v. Hughes, Tex.Com.App.—opinion adopted, 53 S.W.2d 448.

The rule is stated in 163 A.L.R. at page 193, as follows:

"A cardinal limitation upon the admissibility of utterances as part of the res gestae is that they must pertain directly to the act or occurrence which they accompany. In extending the res gestae of an accident to include narrative declarations made under its direct influence, and emphasizing trustworthiness as the conscious purpose of the res gestae principle, this rule has been preserved. Except where the utterance concerns some later act of the speaker, indirectly elucidating the accident, a res gestae utterance *must disclose something done, seen or heard by the speaker in the course of the accident, not what lies in his memory or is derived from extraneous experience.*

*"Accordingly, a declaration is not admissible if it but divulges facts antecedent to the occurrence itself, however strongly it may be authenticated by post-accident excitement, and however strongly it may tend to prove indirectly how the accident happened."*

In support of the foregoing the following Texas cases are cited: Gulf, C. & S. F. Ry. v. York, 74 Tex. 364, 12 S.W. 68; Gulf, C. & S. F. Ry. Co. v. Southwick, Tex.Civ. App., 30 S.W. 592; Houston, E. & W. T. R. Co. v. Norris, Tex.Civ.App., 41 S.W. 708.

■ In view of the foregoing authorities, plaintiff's testimony quoting defendant's salesman: *"Well, he had been picking on me all day long, and you know it, and then I was going to sock him—and I didn't mean to sock the lady",* was not a continuation of the event wherein the employee struck plaintiff, but was a statement concerning antecedent events.

■■ The statement *"and you know it"* is not admissible as a part of the res gestae for the further reason that such is an opinion and conclusion on the part of the declarant. The doctrine by which the hearsay rule is relaxed so as to admit spontaneous contemporaneous statements as part of the res gestae does not extend to statements which are mere expressions of opinion by the declarant. The rule is that the reproduction of statements will not be permitted under the res gestae exception, where the declarant, if present as a witness himself, would not be permitted to testify to the facts embodied in the statement. San Antonio Public Service Co. v. Alexander, Tex.Com.App., opinion adopted by 280 S.W. 753.

■ Since the testimony of plaintiff quoting defendant's employee that another employee had been picking on him all day and that defendant's manager knew it, is inadmissible and could not support a jury finding to the effect that defendant could have foreseen that this created a dangerous

condition on his premises (and taken steps to remove such condition), it is our view that the Trial Court's instruction of verdict for the defendant was proper. Accordingly, plaintiff's point is overruled and the judgment of the Trial Court is Affirmed.

HALE, J., took no part in the consideration or disposition of this case.