**D. Dean WEEKE et al., Appellants,**

**v.**

**PASADENA INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 14066.**

Court of Civil Appeals of Texas.

Houston.

Jan. 17, 1963.

Rehearing Denied Feb. 14, 1963.

Billy E. Lee, Houston, for appellants.

Stanley D. Baskin, Pasadena, for appellees.

WERLEIN, Justice.

Appellants, allegedly residents and taxpayers in the Pasadena Independent School District of Harris County, Texas, brought this suit to mandamus the Board of School Trustees of said District to call an election in accordance with a petition previously presented by certain alleged residents of the District on January 18, 1962, for the purpose of submitting the following proposition

to the resident qualified electors owning taxable property in the District, to wit:

"Shall the Board of School Trustees of the Pasadena Independent School District levy a maintenance tax for the 1962–1963 school year and thereafter in an amount not to exceed $1.30 per $100.00 of valuation on the taxable property within said District; * * *"

and also asking the court to construe Article 2785, Vernon's Annotated Texas Statutes. This appeal is from the trial court's judgment refusing to mandamus said Board.

The trial court in its findings of fact found that the petition calling for a maintenance tax election presented to said Board of Trustees, being Plaintiffs' Exhibits Nos. 1 and 2, was not signed by twenty or more qualified taxpaying voters residing within the Pasadena Independent School District.

The court concluded that the petition presented to the Board of Trustees was not legally sufficient to require said Board to order a maintenance tax election; that said Board of Trustees did not act unreasonably, arbitrarily or capriciously in not ordering such election, and did not abuse its discretion. The court declared that Article 2785 of the Revised Civil Statutes of Texas, as amended, vested discretion in the Board of Trustees of an independent school district as to the ordering of an election upon the presentation of a legally sufficient petition therefor.

█ We have carefully read the statement of facts and have concluded that the finding of the court that the petition presented to the Board of Trustees calling for a maintenance tax election was not signed by twenty or more qualified taxpaying voters residing within the Pasadena Independent School District, is not against the great weight and preponderance of the evidence. Indeed, there is no evidence of probative force showing that more than two or three of the individuals who signed the petition were residents of such District although some three or four others were shown to reside in the City of Pasadena.

█ The burden was upon plaintiffs to prove that the petition presented to the Board was signed by twenty or more qualified taxpaying voters residing in the School District. In an effort to meet this burden of proof, plaintiffs introduced in evidence the petition in two parts that had been presented to the Board of Trustees of the District and called Mr. Landry, an employee in the office of the Assessor and Collector of Taxes in Harris County, and Mrs. Hopkins, the Assessor and Collector of Taxes in the Pasadena Independent School District. Mr. Landry testified that the names on the petition furnished him were, with a few exceptions, names of poll tax holders according to the Tax Assessor & Collector's records of Harris County. Mrs. Hopkins testified that according to her records the names on the lists furnished here were, with a few exceptions, names of persons who paid taxes on property within the School District. There was no evidence by either of said witnesses that such persons resided within the School District.

█ The petitions introduced in evidence were clearly hearsay as to statements of fact or declarations contained therein. Hearsay evidence although admitted without objection should be disregarded by the trial judge and will not support a verdict or finding of fact in an appellate court. It is as a general rule no evidence at all. Knapik v. Edison Bros., Inc., Tex.Civ.App., 313 S.W.2d 335, writ ref.; Aetna Insurance Company v. Klein, 1959, 160 Tex. 61, 325 S.W.2d 376; Dallas Railway & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304, 309; 24 Tex.Jur.2d 397, Evidence, Sec. 727.

We, therefore, overrule appellants' Point of Error No. 1. In view of our holding with respect to such point, which is decisive of this case, it will not be necessary to consider appellants' other points of error.

Judgment of the trial court is affirmed.