**The AETNA CASUALTY & SURETY COMPANY, Appellant,**

v.

**Cedar BONNIE, Appellee.**

**No. 7249.**

Court of Civil Appeals of Texas, Beaumont.

Aug. 26, 1971.

Rehearing Denied Sept. 16, 1971.

Rienstra, Rienstra & Dowell, Beaumont, for appellant.

Waldman & Smallwood, Wiggins & Wiggins, Woodson R. Dryden, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action brought under the Texas Workmen's Compensation Law. Trial was by jury and plaintiff recovered judgment for total and permanent incapacity upon the jury verdict. The parties will be referred to here as they were in the trial court.

All of defendant's points of error attack the sufficiency of the pleadings and the evidence to support the judgment. Plaintiff's pleadings are sparse, to say the least. All of the allegations as to the nature and extent of the injury are set forth in Paragraph IV, which reads as follows:

"That, at such time and place and while the Plaintiff was so employed, she slipped and fell and injured her body generally and her legs, such injuries being so severe as to result in some percentage of loss of use to the Plaintiff of her legs together with some reduction in the Plaintiff's weekly wage earning capacity, the injuries to her legs extending to and affecting her body generally, thus entitling the Plaintiff to workmen's compensation benefits in excess of that sufficient to invoke the jurisdiction of this Court."

Plaintiff's prayer reads as follows:

"WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited herein and upon final hearing hereof, Plaintiff have judgment against Defendant for some percentage of loss of use to the Plaintiff of her legs together with some reduction in the Plaintiff's weekly wage earning capacity, the injuries to her legs extending to and affecting her body generally, thus entitling the Plaintiff to workmen's compensation benefits in excess of that sufficient to invoke the jurisdiction of this Court and for a hospital bill in the sum

of Five Hundred Eighteen and 85/100 ($518.85) Dollars to St. Marys Hospital, a doctor bill in the amount of One Hundred Thirty ($130.00) Dollars to Dr. Robert S. Browne and a doctor bill in the amount of Fifty ($50,00) Dollars to Dr. Victor Watson."

We consider first the points of error as to the sufficiency of the pleadings. These points of error arise out of defendant's objections to the charge of the court submitting issues as to total and permanent disability. These points are overruled.

Plaintiff's pleadings are so general in nature, there was little or no limitation as to the extent of his proof. The words "total" and "permanent" do not appear in the pleadings, but plaintiff alleged she was entitled to "benefits in excess of that sufficient to invoke the jurisdiction of this Court." Literally, the sky was the limit. Even though plaintiff alleged first that she received a specific injury to her legs, she also alleged a general injury, and an extension of the specific injury to her body generally.

Texas Rules of Civil Procedure, rules 85, 90 and 91, provided the defendant with a remedy to require this plaintiff to plead her case more specifically, but defendant did not avail itself of this remedy at any point in the court below. No special exceptions were filed by defendant.

■ In cases arising under the Workmen's Compensation Act, "[t]he niceties and exactness of common-law pleadings are not required. * * *" Texas Employers Ins. Ass'n v. Patterson, 231 S.W.2d 898, 900 (Tex.Civ.App., Amarillo, 1950, error ref.). In Casualty Underwriters v. Flores, 125 S.W.2d 371, 375 (Tex.Civ.App., Galveston, 1939, error dism. judgm. cor.), the Court said:

"Under the Workmen's Compensation Act pleadings are more liberally construed than common-law pleadings. It has been held that if the issue joined requires proof of facts imperfectly stated or even omitted in the petition the defect is cured by the verdict, if the facts established by proof are not challenged by the appellant. This is particularly true where demurrers and exceptions have not been urged. * * *"

See also, Texas Indemnity Ins. Co. v. Godsey, 143 S.W.2d 639, 642 (Tex.Civ.App., El Paso, 1940, error ref.).

■ In the absence of a special exception, we hold plaintiff's pleadings sufficient to submit the issues relating to total and permanent disability.

We next consider defendant's evidentiary points, complaining of the jury findings of total and permanent disability. We follow the rules requiring us to consider only the favorable evidence to such jury findings in passing upon the "no evidence" points, and the entire record in passing upon the "sufficiency of the evidence" points as well as the "great weight and preponderance of the evidence" points. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Plaintiff gave the following testimony: She had only a fifth grade education and started to work at age fifteen as a waitress —the only kind of public work she had ever done. She was forty-two years old at the time of trial. Waitress work required her to be on her feet eight hours a day, and required the lifting of dishes, trays and "things like that." At the time of her injury, plaintiff had two jobs. She was working a four hour shift from 10:00 a. m. to 2:00 p. m. at Walgreens, and from 6:00 p. m. to 2:00 a. m. at Leroy's Cafe. On the day of her injury, plaintiff was working as a waitress at Walgreens Drug Store. Her duties were "working the floor," sometimes the cash register, and carrying trays bringing food to the tables. She fell over a basket tray and hit the floor and hollered, "Oh, my back." She felt the lower part of her stomach over her pelvis "pulled or tore loose." She finished her four hour shift but was still hurting. She called Leroy's Cafe to tell them what had happened and that she would not be able to come to work.

One of the girls had quit and she had to go to work. She worked about one and one-half to two hours and couldn't work any longer. She started vomiting and was hurting so bad she just couldn't go on. She took a cab home, but about midnight was carried to the hospital where she remained a little over a week. Her treatment at the hospital was shots and hot pads and hot lights on her back. When she left the hospital she was not able to go back to work because she was still suffering in her back and side and still vomiting. She remained off from work about six months when she went to work at the Sabine Bar, serving beer. She was not required to lift heavy objects. She left that job and went to work at the Doghouse Lounge where she was still working at the time of trial. At this last job she works behind the bar serving beer and setups, and does no heavy lifting. Since her injury she has not been able to stand for long periods of time. The only housework she can perform is making beds and doing dishes. She couldn't mop or sweep because it hurt her back, side and down to her pelvis. She is not able to do all of the duties required of her as a waitress because she cannot do any lifting. She keeps the job at the Doghouse Lounge only because she has been excused from lifting. At the time of trial her condition had not improved any. She still suffers from her back and side all of the time.

Roy Hancock gave the following testimony: He is the owner of the Doghouse Lounge and had been for the past two years. Plaintiff had been working for him for the past year or year and a half. Plaintiff watches the bar for him during the day shift, which is relatively slow. Plaintiff is not required to do any heavy lifting. Plaintiff could not do all of the duties required of a waitress because she couldn't do hard work or heavy lifting.

John Canada, the night manager of the Doghouse Lounge, gave substantially the same testimony.

■ Dr. Victor Watson gave the following testimony: He is a physician and surgeon and is in the general practice of medicine. He had had occasion to examine and treat the plaintiff. He saw her first August 8, 1969, and had seen and treated her twelve times at the date of trial. He gave the nature of history of this accident given to him by plaintiff and his examinations. He stated his diagnosis to be a "strain or sprain to the muscles and ligaments of the cervical and lumbar spine" caused by her fall in Walgreens. He stated he did not feel plaintiff was able to carry on her work as a waitress, or do her housework or any strenuous work. He thought her chances of experiencing any medical improvement were poor. He would not pass plaintiff for a pre-employment physical for work in her occupation. He then stated the condition he found would be permanent. In his opinion, based upon reasonable medical certainty, the incident related to him was a competent producing cause of the condition he found in plaintiff. In his opinion, based upon reasonable medical certainty, plaintiff was unable to perform the usual tasks of a workman in her occupation on the labor market and would not be able to retain such employment in the future. The evidence set out above supported the jury's findings as to total and permanent disability. The "no evidence" points are overruled.

Medical evidence produced by defendant did no more than raise issues for the jury to resolve, which it did, favorably to plaintiff. The remainder of the evidentiary points of error as to total and permanent disability are overruled.

Judgment affirmed.