**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Patricia J. BUTLER et al., Appellees.**

**No. 653.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 28, 1972.

Rehearing Denied Aug. 2, 1972.

John D. Gilpin, Fulbright, Crooker & Jaworski, Houston, for appellant.

John M. O'Quinn, Dale Friend, Frank Abraham, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellees.

TUNKS, Chief Justice.

Texas Employers' Insurance Association, as a workmen's compensation carrier, has appealed from a judgment awarding a widow and surviving children death benefits. The decedent, Billy Joe Butler, was an employee of Dow Chemical Company where he was the operator of a dioxane plant. The plaintiffs alleged that he sustained an accidental injury in the course of his employment in that he inhaled dioxane gas and that such injury was a producing cause of his death. The jury found such injury and cause and the trial court rendered judgment for the survivors on that verdict. The entire appeal is based upon the insurer's contention that certain declarations made by the decedent concerning his injury, as to which declarations testimony was admitted by the trial court, did not constitute valid evidence as to the truth of the matters stated therein. The appellant insurer argues that unless those declarations be given such evidentiary effect there is no evidence showing that the decedent sustained the alleged accidental injury or, alternatively, that the evidence on such issue is factually insufficient to support the jury's findings thereon. It should be noted that the appellant does not contend by this appeal that the case should be reversed and remanded because the trial court's erroneous admission of evidence of the decedent's declarations prejudicially influenced the jury to find in favor of the plaintiffs.

On January 21, 1969, Billy Joe Butler was the operator of a dioxane plant for Dow Chemical Company. His normal work shift was from 7:00 A.M. to 3:00 P.M. On the day in question, however, he was requested to and did work overtime. When he left home in the morning to go to work he was apparently in good health. At about 5:00 P.M. he called his shift foreman by telephone and complained of illness. The shift foreman went to see him and talked to him. The foreman testified that Butler's face "looked flush and pale and looked like he just didn't feel good at that time". He took Butler to a clinic for treatment. The foreman made an entry in his log book, a record kept by him as an incident of his employment. That record, received in evidence without objection or limitation, recited:

"Butler got sick and went to Industrial Medicine about 6:00 o'clock. He seemed to think E-Column OH vapors caused it. Nurse called, said he was okay, but they would keep him about two hours."

The fact that this record was received in evidence without objection does not, however, eliminate the necessity of determining whether it was hearsay. Hearsay, even if it is received as evidence without objection, is no evidence at all and will not sustain a fact finding. Knapik v. Edison Bros., Inc., 313 S.W.2d 335 (Tex.Civ.App. —Waco 1958, writ ref'd).

At the clinic Butler was examined by a doctor and was kept for two hours for observation. He was then sent home in a company owned car. On the way to his home he became violently ill and began vomiting blood. His driver took him back to the clinic. From there he was sent to Community Hospital in Freeport. He continued to vomit blood. At abut 1:00 A.M. on January 23, emergency surgery was done. He was found to be bleeding profusely from the membrane in the wall of his stomach. The surgery procedures did not succeed in stopping his bleeding and later in the morning he died.

In addition to the statement made by Butler to his foreman that his illness was caused by exposure to dioxane gas, as referred to in the foreman's log book, he made similar statements to the personnel at the clinic and the hospital, to his wife and to his father-in-law. He repeatedly and consistently maintained his contention as to the onset of his illness from the time he became ill until his death.

After Butler was sent to the clinic for treatment his foreman sent another opera

tor to inspect the dioxane plant. That employee testified that he did not find any leak. He admitted, however, that there were some gas odors in the area where Butler had been working. He also said that he did not particularly inspect the overhead column from which Butler had said the gas came. (The term "E-Column OH" in the foreman's log refers to such overhead column.)

The evidence showed that Butler once had a duodenal ulcer, but it had healed and was not the cause of his bleeding. Also in 1957, he sustained injuries in an automobile wreck which necessitated the removal of a part of his stomach. For several years prior to his death, however, his only difficulty in those respects was occasional indigestion for which he took anti-acid medicine. The evidence did not require a finding that his death was from natural causes. Rather, his medical history suggested a preexisting condition of his stomach which made it unusually susceptible to injury.

Butler was working alone in the dioxane plant at the time of his alleged injury. Dioxane gas may escape without being seen. It has a recognizable odor. It has a toxic capacity, but rarely has been known to produce death of humans. It is not the contention of the plaintiffs in this case that the gas alone was the cause of Butler's death. Their contention is that the intake of the gas irritated his previously weakened stomach wall and caused the bleeding from which he died.

The plaintiffs' theory as to the cause of Butler's death was supported by the testimony of Dr. Joseph A. Jachimcyzk, a medical doctor specializing in pathology. He testified that some of Butler's symptoms, as shown by the hospital records and the autopsy report, which were in evidence, were those which would result from exposure to dioxane gas. In answer to a hypothetical question, which was based on assumption of the facts shown in hospital records and autopsy report and upon the assumption that Butler had been exposed to dioxane gas, the doctor expressed the opinion that the gas had irritated the wall of Butler's stomach and caused its fatal bleeding.

The contention of the appellant is that there is no evidence that Butler sustained an injury in the course of his employment for Dow except his own statements to that effect, that such statements by him are hearsay, do not come within the res gestae exception to the hearsay rule, and do not constitute valid evidence of the truth of the matters recited in such statements. The principal authorities upon which the appellant relies in support of its contention are Hartford Accident and Indemnity Company v. Hale, 400 S.W.2d 310 (Tex. Sup.1966) and Truck Insurance Exchange v. Michling, 364 S.W.2d 172 (Tex.Sup. 1963). In those cases it was held that for a statement to be admissible as res gestae there must be independent proof of the occurrence of the exciting event which made the statement a spontaneous one.

■ The facts of this case quite clearly distinguish it from the Hale and Michling cases. Those, too, were suits for workmen's compensation death benefits. There was evidence that the decedents had visible signs of physical injury. To prevail the plaintiffs were required to prove that the decedents had sustained those injuries in the course of their employment. There was no evidence that the decedents had sustained their injuries in such course of their employment independent of the statements themselves. Here Butler went to work in apparent good health. While admittedly on his employer's premises and performing the duties of his job, he became ill. That illness was evidenced not only by his statements as to his physical condition (see 1 C. McCormick & R. Ray, Texas Evidence sec. 832 (2d ed. 1956), but

also by testimony as to his physical appearance. The onset of his illness was sudden and dramatic. It continued with little remission until it produced his death. It is apparent that his death was caused by a sudden deterioration of the walls of his stomach. He had previously had injury and surgery to his stomach but it had been comparatively trouble free for several years. The very suddenness with which illness developed and progressed to produce his death is indicative of the fact that it was brought on by some external agent. This indication is corroborated by proven facts. Dioxane gas has the capacity to injure the stomach walls. The plant of which he was operator processed dioxane gas. Though the worker who followed him on the job testified that he found no gas leak, he did not exclude the possibility of such leak in the overhead tower and said that the odor of gas was present. A medical expert testified that the signs and symptoms shown in the medical record were consistent with the intake of dioxane gas. Those physical facts constitute evidence, independent of Butler's statements, that he sustained an injury while on his job. They distinguish this case from the Hale and Michling cases. Butler's statement to his foreman, made at the time his illness began, was admissible as res gestae. See Texas Employers Ins. Ass'n v. Noel, 269 S.W.2d 835 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.); Atkinson v. United States Fidelity & Guaranty Co., 235 S.W.2d 509 (Tex.Civ.App.—San Antonio 1950, writ ref'd n. r. e.); Texas Employers Ins. Ass'n v. Shifflette, 91 S.W.2d 787 (Tex.Civ.App.—Dallas 1936, writ dism'd)—all of which cases were discussed in the Michling opinion, were distinguished and their holdings apparently approved. See also Pacific Employers Indemnity Company v. Aguirre, 431 S.W.2d 33 (Tex. Civ.App.—Waco 1968, writ ref'd n. r. e.).

There is further basis for the holding that there was not only some evidence, but sufficient evidence, to support the jury's finding of injury. The excerpt from the foreman's log book which is quoted above was admissible as a business record. The appellant correctly takes the position that the part of the hospital record consisting of the history given by Butler is not admissible as proof of the truth of the matters stated therein. Such history was admissible only as explanation of a witness' opinion and its admission was properly so limited in this case. Travelers Insurance Company v. Smith, 448 S.W.2d 541 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.). The history portion of the hospital record did not meet the requirement of Tex.Rev.Civ.Stat.Ann. art. 3737e, sec. 1(b) (1969) because Butler, the one with personal knowledge of the facts recited, and the one who furnished the information on the basis of which that entry was made, was not an employee or representative of the hospital. The facts are different, however, as to the foreman's log. It was authenticated by the testimony of its custodian as a business record of Dow Chemical Company. Butler, having personal knowledge of the facts and acting in the course of his duties as an employee of Dow, transmitted to his foreman the information on the basis of which the entry was made. The fact that a participant in the making of a duly authentic business record is a party to the law suit does not make the record inadmissible as evidence.

The evidence was sufficient, legally and factually, to support the jury's verdict and the trial court's judgment thereon.

Affirmed.