**HIGHLANDS INSURANCE COMPANY, Appellant,**

v.

**Judy Kay BAUGH, Appellee.**

**No. 5443.**

Court of Civil Appeals of Texas, Eastland.

June 26, 1980.

Tom H. Whiteside, Griffis & Griffis, San Angelo, for appellant.

Marvin C. Hanz, Galen A. Moeller, San Angelo, for appellee.

RALEIGH BROWN, Justice.

This is a Workers' Compensation case. Judy Kay Baugh sued Highlands Insurance Company alleging that she was injured while employed as a derrick hand in Sutton County. The jury found that she was injured in the course and scope of her employment and as a result was partially and permanently incapacitated. Judgment in the amount of $22,736.06 plus $529.25 medical expenses was rendered for Baugh. Thereafter, the court granted a "remittitur" of $7,736.06. Highlands appeals the modified judgment, and Baugh appeals the granting of the remittitur. We reform and affirm.

Baugh testified that she injured her back while working on an oil rig sometime between 11:00 p. m., February 17, 1977, and 2:00 or 3:00 a. m., February 18, 1977. She was helping latch the lead tongs when she slipped and injured herself.

Highlands first argues that the evidence is legally or factually insufficient to support the jury findings that Baugh was injured on the oil rig. We overrule these points.

In considering no evidence points, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the finding and rejecting the evidence contrary thereto. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). Insufficient evidence points require us to review all the evidence. *In re King's Estate*, 244 S.W.2d 660 (Tex.1951).

After reviewing the evidence in accordance with the above rules, we hold that the jury finding of injury is supported by the evidence. Although other members of the drilling crew testified that they did not see Baugh injured, Baugh testified that she was injured on the rig and that she had suffered back pain as a result of the injury. She is, of course, an interested witness and

her testimony does no more than raise a fact issue for the jury. *Cochran v. Wool Growers Central Storage Company*, 166 S.W.2d 904, 908 (Tex.1942). Nevertheless, the jury had a right to believe her testimony, and believing it, had a right to find that she did suffer an injury while employed on the oil rig. *Insurance Company of Texas v. Anderson*, 272 S.W.2d 772, 774 (Tex.Civ. App.–Waco 1954, writ ref'd n.r.e.); *Lopez v. Associated Employers Insurance Company*, 330 S.W.2d 522, 523 (Tex.Civ.App.–San Antonio 1959, writ refused).

Highlands next contends that there is no evidence or insufficient evidence to support the jury's findings of partial permanent disability. We disagree.

The duration and extent of disability resulting from an injury is at best an estimate which must be determined by the jury from all the pertinent facts before it. *Robinson v. Argonaut Insurance Company*, 534 S.W.2d 953, 957–8 (Tex.Civ.App.–Fort Worth 1976, writ ref'd n. r. e.); *Texas Employers Insurance Association v. Dimsdle*, 440 S.W.2d 359, 364 (Tex.Civ.App.–Dallas 1969, writ ref'd n. r. e.).

There is testimony from Baugh that she still has disabling pain in her lower back; that her back condition has not improved during the two years after the injury; that she can no longer lift objects which she had been able to lift in the past; and that she can no longer participate in sports as she has in the past. There is also testimony from Baugh's sister and ex–husband tending to support Baugh's contentions of continuing pain.

In *Travelers Insurance Company v. Wade*, 373 S.W.2d 881 (Tex.Civ.App.–Dallas 1963, writ ref'd n. r. e.), the court used the following language:

Notwithstanding the general rule prohibiting a lay witness from expressing an opinion that injuries are total and permanent, it is well settled that the factual testimony of a claimant alone, or of other lay witnesses, will support a jury finding of total permanent disability. The jury

may reasonably infer total and permanent disability from circumstantial evidence. And this is true though the lay evidence may be contradicted by the testimony of medical experts. *Travelers Ins. Co. v. Helstrom*, Tex.Civ.App., 351 S.W.2d 321, err. ref. n. r. e.; *Consolidated Casualty Ins. Co. v. Baker*, Tex.Civ.App., 297 S.W.2d 706, err. ref. n. r. e.; *The Ins. Co. of Texas v. Anderson*, Tex.Civ.App., 272 S.W.2d 772, err. ref. n. r. e.

\*      \*      \*      \*      \*      \*

It is to be remembered that the Workmen's Compensation Act is to be liberally construed in favor of the claimant. *Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73.

We hold that the finding of partial permanent disability is supported by the evidence. See also *Texas Employers' Insurance Association v. Washington*, 437 S.W.2d 340 (Tex. Civ.App.–Dallas 1969, writ ref'd n. r. e.).

Highlands next contends that the medical expense findings were not supported by evidence or that such evidence was factually insufficient. It contends that the medical bills introduced at trial were hearsay that should not have been admitted over objection. We agree.

■ Proof of the medical expenses was attempted by offering only the medical bills without any proof of their authentication. Such offer was inadmissible hearsay. As stated by the court in *Aetna Insurance Company v. Klein*, 325 S.W.2d 376 (Tex. 1959):

It is a rule of general application in this state that incompetent evidence, even when admitted without objection, has no probative force and will not support a judgment.

See also *Texas Employers' Insurance Association v. Butler*, 483 S.W.2d 530 (Tex.Civ. App.–Houston [14th Dist.] 1972, writ ref'd n. r. e.). We therefore sustain this point and hold that there is no evidence of medical expenses.

■ Highlands next contends that the court erred in submitting the following issue:

Do you find from a preponderance of the evidence Plaintiff received an injury on or about February 17 or 18, 1977?

It argues that the plaintiff in a Workers' Compensation case must prove that the injury complained of is traceable to a definite time.

The evidence in this case reflects that Baugh was physically present at the oil rig between 11:00 p. m. February 17, and 2:00 or 3:00 a. m. February 18. She testified that she did not know exactly when she was injured but that it was at sometime during that period.

We hold that under the facts in this case it was harmless error to submit the issue as set out above. There was only one injury pleaded in this case, and the claimant had the time of injury narrowed down to a four hour period. It is a mere coincidence that a portion of that time period fell on one day and a portion on the next day. We fail to see how Highlands was harmed by the submission of the issue in this manner when the jury only had before it evidence of one injury occurring during one certain period of time. Tex.R.Civ.P. 434.

Highlands also argues that the trial court erred in submitting both total and partial incapacity issues when only total incapacity had been pled. We disagree with this contention.

■ After reviewing the petition, we have determined that partial incapacity was pled in the prayer. In Workers' Compensation cases pleadings are more liberally construed than common law pleadings. We, therefore, hold that partial incapacity was alleged. *Casualty Underwriters v. Flores*, 125 S.W.2d 371, 375 (Tex.Civ.App.–Galveston 1939, writ dism. judgm. cor.); *Aetna Casualty & Surety Company v. Bonnie*, 470 S.W.2d 779, 781 (Tex.Civ.App.–Beaumont 1971, writ ref'd n. r. e.).

Highlands also contends that the court erred in refusing to allow it to offer proof of Baugh's prior history of back problems. It argues that such evidence was admissible to prove that Baugh's oil rig accident was not the sole producing cause of her injuries and for impeachment purposes.

The court in *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex.1963) stated:

> The only reason evidence of other injuries is admissible at all in a compensation case is that it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity claimed.

The excluded evidence was an instrument entitled Emergency Room and Outpatient Record dated July 7, 1975 and a medical history of Baugh by Doctor Henderson dated February 24, 1977. The outpatient record indicated Baugh had gone to the emergency room complaining of headaches and back pain as a result of an automobile accident in 1975. The history included a statement that Baugh had been treated for a back condition in the fall of 1976 before the alleged February 1977 accident for which she seeks compensation.

Clearly, the excluded evidence was hearsay and not admissible unless it came under some exception to the hearsay rule. One exception provides that any statement made by a party or on his behalf which is inconsistent with his present position on a material matter is receivable as an admission. McCormick & Ray, Texas Law of Evidence § 1141 (Texas Practice 2nd ed. 1956).

However, we do not find that the proper predicate was laid for the introduction of these medical reports under the Texas Business Records Act. Tex.Rev.Civ.Stat. Ann. art. 3737e (Supp. 1978). Neither the identity of the records nor the method of this preparation were proved by the entrant custodian or any other qualified witness. See *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298 (Tex.1962); *Huff v. Insurance Company of North America*, 394 S.W.2d 849 (Tex.Civ.App—Fort Worth 1965, writ ref'd n. r. e.). Neither Doctor Henderson nor any other person testified that Baugh made any statement regarding back complaints prior to her February accident. The trial court correctly excluded the documents and the tendered evidence failed to establish an admission.

Highlands next complains that the trial court erred in permitting Baugh's ex-husband to testify that Baugh reported to him that she had been injured on the rig. This point is overruled.

The statement by Baugh to her ex-husband that "she had slipped and hurt her back" were made within minutes of her alleged injury, at a time when she was apparently in pain. We hold that the statements were res gestae. *Lumbermen's Insurance Corporation v. Goodman*, 304 S.W.2d 139 (Tex.Civ.App.–Beaumont 1957, writ ref'd n. r. e.). However, if we be in error in such holding, we are of the opinion that the error complained of did not amount to such a denial of the rights of Highlands as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the instant cause. Tex. R.Civ.P. 434.

No authority is cited in Highlands' last two points of error and, therefore, such points are waived. *Gerstner v. Wilhelm*, 584 S.W.2d 955 (Tex.Civ.App.–Austin 1979, writ dismissed); *Rayburn v. Giles*, 182 S.W.2d 9 (Tex.Civ.App.–San Antonio 1944, writ ref'd). Tex.R.Civ.P. 418(e) (Vernon Supp. 1980).

We have considered and overrule all points of error presented by Highlands except the challenge to the award of medical expenses with which we agree.

Baugh, by limited cross-appeal, challenges the trial court's order directing her to make a remittitur. The court found that no error was committed justifying a new trial but found that "the jury finding resulted by operation of law in a judgment in dollars which the Court finds is excessive." The court then ordered that the motion for new trial be denied and "the judgment heretofore rendered in this cause is reformed by ordering remittitur of all sums in excess of Fifteen Thousand and no/100 (15,-000) Dollars by Plaintiff, the award of payment of medical expenses is not disturbed." We assume although it is not clear in the court's order that the remittitur is based on

the jury's finding of plaintiff's average weekly earning capacity during partial incapacity.

The powers of a trial court and a court of civil appeals to determine the propriety of a remittitur are governed by the same standard. *Atchison, Topeka and Santa Fe Railway Company v. Mahon*, 473 S.W.2d 598 (Tex.Civ.App.–Amarillo 1971, writ ref'd n. r. e.); *Berne v. Keith*, 361 S.W.2d 592 (Tex.Civ.App.–Houston 1962, writ ref'd n. r. e.).

As stated by the court in *Missouri–Kansas–Texas Railroad Company v. Pierce*, 519 S.W.2d 157 (Tex.Civ.App.–Austin 1975, writ ref'd n. r. e.):

> Under Texas Rules of Civil Procedure, rule 440, a court of civil appeals, if the court is of the opinion that the verdict and judgment of the trial court is excessive, may suggest remittitur of the excess, and if remittitur is not filed, the appellate court may reverse the trial court's judgment.

*Houston Belt & Terminal Ry. Co. v. Lynch*, 221 S.W. 959 (Tex.Comm'n App. 1920, opinion adopted) considering the matter of remittitur where a special verdict is rendered said:

> It does not follow, however, that this article empowers the court, upon concluding that the finding of the jury upon a material fact or issue is not supported by the evidence, to reform such finding to make it conform to some, but not the undisputed, evidence.

The court in the instant case has not suggested a remittitur and conditionally granted a motion for new trial on failure to remit. The vice in the trial court's order lies in the fact that the court has no authority to substitute its finding for that of the jury. The question is one of authority to render judgment for a lesser amount than the jury verdict without a remittitur on the part of Baugh. As stated by the court in the early case of *Hume v. Schinta*, 36 S.W. 429 (Tex.1896):

> There can be no clearer principle than that, where a jury has intervened, and all

the issues have been submitted to their decision, their verdict, must constitute the basis of the judgment. The court cannot look to the evidence on which the verdict was found in order to determine what judgment to render, but must look alone to the verdict; for it is upon that which the jury have found, not what they might or ought to have found, that the court proceeds to render judgment. The judgment is the conclusion of law upon the facts of the case, as found by the verdict of the jury.

Tex.R.Civ.P. 300 provides:

> Where a special verdict is rendered or the conclusions of fact found by the judge are separately stated the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules.

Tex.R.Civ.P. 301 in part provides:

> The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence.

The applicable rule is stated in 4 R. McDonald, Texas Civil Practice § 17.28 (rev. 1971) at 189–190 as:

> The judge may not disregard answers to material issues, set aside findings and make contrary ones, hear additional evidence and make supplementary findings on material issues, or select from conflicting findings those which he approves. He may not supply answers to material issues which the jury has left unanswered.

We find the court's order as to "remittitur" was a usurpation of the jury's function and thus error.

**320**

The award of $529.25 medical expenses was in error, it is accordingly ordered that the judgment of the trial court be reformed to deny recovery of such sums.

The judgment of the trial court will be reformed to authorize recovery by Baugh in the amount of $22,736.06 with interest at the rate of 9% per annum from April 10, 1979, and to deny any recovery for medical expenses, and as reformed affirmed.