NUMBER 13-01-00142-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



RAFAEL ELENES CASTILLO AND

RAFAEL ELENES VELASCO, Appellants,



v.




JAY JAY GUAJARDO, JULIO GUAJARDO, JR.,

AND ENOCH E. GUAJARDO, INDIVIDUALLY 

AND AS TRUSTEES OF SEGUIR A CRISTO

ASSEMBLY, AN INDEPENDENT ASSEMBLIES

OF GOD INTERNATIONAL, INC. Appellees.

 


On appeal from the 139th District Court of Hidalgo County, Texas.

 



MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Hinojosa


 Appellees, Jay Jay Guajardo, Julio Guajardo, Jr., and Enoch E. Guajardo, individually and as trustees of
Seguir a Cristo Assembly, An Independent Assemblies of God International, Inc., filed suit against appellants,
Rafael Elenes Castillo and Rafael Elenes Velasco, seeking declaratory and injunctive relief regarding appellees'
use of an easement crossing appellants' land. Appellants filed a counterclaim against appellees for punitive and
exemplary damages. After a jury trial, the trial court signed a judgment in favor of appellees. In nine issues,
appellants contend the trial court erred by: (1) denying their motion for summary judgment; (2) limiting their
cross-examination of appellees' expert in the Daubert/Robinson (1) hearing; (3) severing their cross-claim
against Elsie Kawahata; (4) dismissing their counterclaim; (5) denying their motion for instructed verdict; (6)
signing a judgment for an easement that is wider than the easement set forth in the temporary restraining
order; and (7) granting the temporary restraining order. We reform the trial court's judgment and affirm, as
reformed.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See
Tex. R. App. P. 47.4.

A. Summary Judgment


 In their first issue, appellants contend the trial court erred in denying their motion for summary judgment. 
The general rule is that appellate courts do not have jurisdiction to hear denied motions for summary judgment
on appeal. Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Hines v. Comm'n for Lawyer
Discipline, 28 S.W.3d 697, 700 (Tex. App.-Corpus Christi 2000, no pet.); Highlands Mgmt. Co. v. First
Interstate Bank of Tex., N.A., 956 S.W.2d 749, 752 (Tex. App.-Houston [14th Dist.] 1997, pet. denied). We
overrule appellants' first issue.

B. Expert Witness & Severance


 In their second and third issues, appellants contend the trial court erred by limiting their cross-examination of
appellees' expert witness during the Daubert/Robinson hearing, and the trial court erred in severing their
cross-claim against Elsie Kawahata. However, the appellate record does not contain the evidence, arguments,
or objections made at the Daubert/Robinson hearing or the severance hearing. 

 The Texas Rules of Appellate Procedure require the appellant to request in writing that the official reporter
prepare the reporter's record for appeal and designate the portions of the proceedings to be included. See
Tex. R. App. P. 34.6(b)(1). The rules further provide that if a partial reporter's record is designated by a
party, the appellate court must presume that the provided record constitutes the entire record for purposes of
reviewing the stated issues. See Tex. R. App. P. 34.6(c)(4). While the rules allow the appellate court to
supplement the record, they do not mandate supplementation. See Tex. R. App. P. 34.6(d). Absent a
designation or rule requirement that a matter be included in the record, if a matter essential to the disposition
of an issue before us is not in the record, we need not resolve the issue. Accordingly, we overrule appellants'
second and third issues.

C. Unclean Hands


 In their fourth issue, appellants contend the trial court erred "in allowing plaintiffs'

equitable claim for a temporary restraining order and permanent injunction due to plaintiffs' unclean [hands],
deceit and deception."

 It is a matter within the sound discretion of the trial court to determine whether appellees have come into
court with clean hands. Thomas v. McNair, 882 S.W.2d 870, 880 (Tex. App.-Corpus Christi 1994, no writ). 
The party who complains that his opponent is in court with unclean hands because of the latter's conduct in
the transaction out of which litigation arose, or with which it is connected, must show that he himself, and not
some third person, has been injured by such conduct in order to justify the application of the principle. 
Omohundro v. Matthews, 161 Tex. 367, 381, 341 S.W.2d 401, 410 (1960);McNair, 882 S.W.2d at 880. The
doctrine is applied to one whose own conduct in connection with the same matter or transaction has been
unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity
and righteous dealing. McNair, 882 S.W.2d at 880. The clean hands maxim should not be applied when the
defendants have not been seriously harmed and the wrong complained of can be corrected without applying
the doctrine. Id. 

 Appellants claim that appellees lack clean hands because they: (1) obtained a temporary restraining order
based on false facts; (2) claimed a twenty-foot right-of-way in their summary judgment and judgment when the
temporary restraining order ordered a twelve-foot right-of-way; (3) alleged their property was landlocked; (4)
severed out the north/south roadway publicly dedicated by a grantor; (5) filed a motion in limine restricting
appellants from mentioning the north/south roadway; and (6) argued to the jury that the north/south roadway
was illegal.

 After reviewing the record, we hold the evidence is insufficient to show that appellees had "unclean hands." 
Appellants' fourth issue is overruled.

D. Failure to Dismiss Claim of Easement by Estoppel


 In their fifth issue, appellants contend "[t]he trial court erred in not dismissing plaintiffs' equitable claim of
estoppel and landlocked [sic] after obtaining a temporary restraining order based on prescription." 

 Appellants have failed to present argument or authority directly related to this issue. Instead, they have
included a discussion of their request for directed/instructed verdict. In accordance with rule 38.1(h) of the
Texas Rules of Appellate Procedure, we will only consider contentions that are supported by clear and concise
arguments with appropriate citations to authorities. Tex. R. App. P. 38.1(h). Because this issue is
inadequately briefed, we overrule appellants' fifth issue.

E. Counterclaim


 In their sixth issue, appellants contend the trial court erred by dismissing, on its own motion, appellants'
counterclaim before appellants could present any evidence to the jury.

 Because the record is devoid of any ruling by the trial court dismissing appellants' counterclaim, and because
appellants failed to object to the alleged error, we hold they have failed to preserve this complaint for review. 
See Tex. R. App. P. 33.1. Appellants' sixth issue is overruled. 

F. Motion for Directed Verdict


 In their seventh issue, appellants contend the trial court erred in denying their motion for directed verdict
because appellees failed to prove the necessary elements of easement by prescription or easement by estoppel.

1. Standard of Review


 A court may instruct a verdict if no evidence of probative force raises a fact issue on the material questions in
the suit. See Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). A directed verdict for a
defendant may be proper in two situations. First, a court may direct a verdict when a plaintiff fails to present
evidence raising a fact issue essential to the plaintiff's right of recovery. Prudential Ins. Co. of Am. v. Fin.
Rev. Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000) (citing Latham v. Castillo, 972 S.W.2d 66, 67-68, 70-71
(Tex. 1998)). Second, a trial court may direct a verdict for the defendant if the plaintiff admits or the evidence
conclusively establishes a defense to the plaintiff's cause of action. See Villegas v. Griffin Indus., 975 S.W.2d
745, 748-49 (Tex. App.-Corpus Christi 1998, pet. denied); Davis v. Mathis, 846 S.W.2d 84, 86 (Tex.
App.-Dallas 1992, no writ). On review, we examine the evidence in the light most favorable to the party
against whom the verdict was rendered and disregard all contrary evidence and inferences. Qantel Bus. Sys. v.
Custom Controls, 761 S.W.2d 302, 303-04 (Tex. 1988); Villegas, 975 S.W.2d at 749. When reasonable
minds may differ as to the truth of controlling facts, the issue must go to the jury. Collora v. Navarro, 574
S.W.2d 65, 68 (Tex. 1978); Villegas, 975 S.W.2d at 749. When no evidence of probative force on an
ultimate fact element exists, or when the probative force of testimony is so weak that only a mere surmise or
suspicion is raised as to the existence of essential facts, the trial court has a duty to instruct the verdict. 
Villarreal v. Art Inst. of Houston, Inc., 20 S.W.3d 792, 796 (Tex. App.-Corpus Christi 2000, no pet.). The
reviewing court may affirm a directed verdict even if the trial court's rationale for granting the directed verdict
is erroneous, provided it can be supported on another basis. Id. (citing Kelly v. Diocese of Corpus Christi,
832 S.W.2d 88, 89 (Tex. App.-Corpus Christi 1992, writ dism'd w.o.j.)).

2. Analysis


 The only question submitted to the jury was on appellees' theory of easement by estoppel. Therefore, it is
unnecessary to address appellants' arguments concerning other types of easements, i.e., prescriptive, necessity,
apparent, and by dedication. 

 Generally, under easement by estoppel, an owner of land may be estopped to deny the existence of an
easement by making representations that have been acted upon by a purchaser to his detriment. Storms v.
Tuck, 579 S.W.2d 447, 451 (Tex. 1979); Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209 (Tex. 1962). 
To establish an easement by estoppel one must show: (1) a representation was communicated to the
promisee; (2) the communication was believed; and (3) there has been reliance upon such communication. 
Storms, 579 S.W.2d at 452; Drye, 364 S.W.2d at 211; Elliott v. Elliott, 597 S.W.2d 795, 803 (Tex. Civ.
App.-Corpus Christi 1980, no writ). 

 We hold the evidence is legally sufficient to support a finding of easement by estoppel. Therefore, the trial
court did not err in denying appellants' motion for directed verdict. Appellants' seventh issue is overruled.

G. Width of Easement


 In their eighth issue, appellants contend the trial court erred in signing a judgment granting a fourteen-foot
wide easement because no evidence was presented to the jury regarding the width of the easement. Appellants
contend the judgment should reflect a twelve-foot wide easement, as set forth in the court's temporary
restraining order.

 The record before us reflects that appellees failed to introduce any evidence during the trial regarding the
width of the easement. Furthermore, the jury charge omitted any question regarding the width of the
easement. The jury returned its verdict and was discharged on January 31, 2001. On May 17, 2001, the trial
judge conducted a hearing and heard evidence regarding the width of the easement.

 In rendering a judgment on the verdict, the judge may not disregard jury answers to material issues, set aside
findings and make contrary ones, hear additional evidence and make supplementary findings on material
issues, or select from material findings those of which the court approves. Highlands Ins. Co. v. Baugh, 605
S.W.2d 314, 319 (Tex. Civ. App.-Eastland 1980, no writ); Key Life Ins. Co. of S. Carolina v. Davis, 509
S.W.2d 403, 406 (Tex. Civ. App.-Beaumont 1974, no writ); 4 Roy W. McDonald & Elaine A. Grafton
Carlson, Texas Civil Practice § 26:4 (2d ed. 2001). In addition, a judge may not supply answers to material
issues that the jury has left unanswered. Highlands, 605 S.W.2d at 319; Key Life, 509 S.W.2d at 406; 4 Roy
W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 26:4. We conclude the trial court did not
have authority to conduct a hearing regarding the width of the easement. Appellants' eighth issue is sustained.

 However, in their brief and argument before this Court, appellants have conceded that the easement in
question is twelve feet wide and have asked this Court to reform the trial court's judgment to reflect a
twelve-foot wide easement. We grant appellants' request and reform the judgment to reflect a twelve-foot
wide easement.

H. Temporary Restraining Order


 In their ninth issue, appellants contend the trial court erred in granting a temporary restraining order without a
hearing. However, a temporary restraining order is generally not appealable. In re Tex. Natural Res.
Conservation Comm'n, 85 S.W.3d 201, 205 (Tex. 2002). Furthermore, the rules of civil procedure provide
for the issuance of a temporary restraining order without a hearing. Tex. R. Civ. P. 680. Appellant's ninth
issue is overruled.


I. Disposition


 We reform the trial court's judgment to reflect a twelve-foot wide easement, and affirm the judgment, as reformed.



FEDERICO G. HINOJOSA

Justice





Opinion delivered and filed this the

8th day of May, 2003.

1. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 589-90 (1993); E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549 (Tex. 1995).